UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VANESSA WEST

VERSUS

RED FROG EVENTS, LLC, ET AL.

CIVIL ACTION

NO. 17-1640-BAJ-EWD

### **NOTICE AND ORDER**

Plaintiff, Vanessa West ("Plaintiff"), filed a Petition for Damages (the "Petition") against Red Frog Events, LLC ("Red Frog"); ABC Insurance Company; Peterson Builders Framing Contractors, LLC; DEF Insurance Company; North South Renovations, Inc.; GHI Insurance Company; and the Parish of West Feliciana in state court for damages allegedly arising out of injuries Plaintiff sustained when a dome-shaped obstacle Plaintiff was climbing as part of the "Warrior Dash" collapsed. Per her Petition, Plaintiff alleges that she "sustained serious injuries to various parts of her body"[1] and that she "suffered bodily injuries, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses and permanent disability, all of which warrant an award in her favor for compensatory damages."[2]

On November 9, 2017, Red Frog removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Red Frog contends that, with the exception of the Parish of West Feliciana, the parties are completely diverse.[4] Red Frog further asserts that "it is apparent from

---

[1] R. Doc. 1-2, p. 25, ¶ III.

[2] R. Doc. 1-2, p. 27, ¶ V.

[3] R. Doc. 1.

[4] On December 8, 2017, Plaintiff filed a Motion to Remand based upon her assertion that the Parish of West Feliciana is a properly joined, non-diverse defendant. R. Doc. 13. Red Frog has filed an opposition to the Motion to Remand. R. Doc. 20. The instant Notice and Order does not address – nor does it ask the parties to further address – the issue of whether the Parish of West Feliciana is a properly joined defendant. That issue has already been briefed by the parties. The instant Notice and Order is limited solely to the issue of whether Red Frog can meet its burden of establishing the requisite amount in controversy for the exercise of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

1

the face of Plaintiff's Petition for Damages that the amount in controversy for the Plaintiff, exclusive of interest and costs, exceeds this Court's $75,000.00 jurisdictional amount."[5] In support of that position, Red Frog asserts that Plaintiff failed to include an allegation regarding the jurisdictional threshold pursuant to La. C.C.P. art. 893 and points to Plaintiff's assertion that she sustained "serious injuries" and her list of sought-after damages.[6] Additionally, Red Frog states that "[d]uring pre-suit discussions, Plaintiff reported that she sustained the following, specific injuries as a result of the obstacle collapse: (1) a concussion, for which she is currently treating one year later, and for which she is taking medications; (2) various soft tissue injuries to thumb, hand, neck, and knee, for which she is still treating over one year later; and (3) lost wages from her athletic training job because she cannot work weekends."[7] Red Frog provides citations to various case law which it contends support a general damage award in excess of $75,000 "even before considering medical expenses."[8] Finally, Red Frog asserts that it "inquired into whether Plaintiff would be willing to stipulate to damages of less than $75,000.00 in order to obviate the need to remove this matter. Plaintiff declined to enter into that stipulation."[9]

In the Petition, there is no information regarding Plaintiff's specific injuries, medical expenses or claimed lost wages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[10]

---

[5] R. Doc. 1, ¶ 16.

[6] R. Doc. 1, ¶¶ 17 & 18.

[7] R. Doc. 1, ¶ 18.

[8] R. Doc. 1, ¶ 19 & n. 12.

[9] R. Doc. 1, ¶ 20.

[10] *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also*, *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6884347, at * 3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the

Although Red Frog provides citations in its Notice of Removal to various cases purporting to set forth damage awards, without additional information regarding Plaintiff's injuries, there is no way to determine whether such cases are potentially analogous[11] While Plaintiff alleges a "permanent disability," such allegation appears to be generic and untethered to any specific injury.[12] Finally, this court has held that a the failure to include an article 893(A) allegation,[13] as well as the failure to execute a pre-removal stipulation[14] are not in and of themselves determinative of the amount in controversy.

---

Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, Civil Action 17-414, 2017 WL5762436, at * 3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

[11] R. Doc. 1, ¶ 22.

[12] *See*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (facially apparent that the amount in controversy met where plaintiff alleged injuries to upper and lower back, right wrist, and left knee and patella and claimed damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, permanent disability, and disfigurement); *Kelly v. Dolgencorp, LLC*, Civil Action No. 10-879, 2010 WL 4484359, at * 2 (W.D. La. Nov. 1, 2010) (finding plaintiff's allegations, including the allegation of permanent disability, general and conclusory and distinguishing cases in which plaintiff claimed permanent disability in conjunction with specific injuries); *Guidry v. Murphy Oil USA, Inc.*, 2013 WL 4542433, at * 5 (M.D. La. Aug. 27, 2013) (noting that an allegation of permanent disability or impairment "would significantly increase the amount in controversy" but that it was not facially apparent that the amount in controversy was met based on plaintiff's unspecified allegations that he suffered injuries to his left arm, left shoulder, left elbow, and neck and included a "generic list of damages [that] can be found in many personal injury cases" [physical pain, mental pain and anguish, medical expenses, and loss of enjoyment of life].); *Touchet v. Union Oil Co. of California*, 2002 WL 465167, at * 2 (E.D. La. March 26, 2002) (distinguishing *Gebbia* and explaining that although plaintiff alleged "permanent disability," plaintiff did not allege specific injuries like the plaintiff in *Gebbia*).

[13] *See*, *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007) ("plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."); s*ee also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff does not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.").

[14] *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017).

Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS ORDERED** that Red Frog Events, LLC shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a supplemental memorandum in support of the pending Motion to Remand,[15] limited solely to the issue of amount in controversy, within ten (10) days after the filing of Red Frog Events, LLC's memorandum.[16]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 22, 2018.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 13.

[16] Any submissions pursuant to this Order should be limited solely to the issue of whether the amount in controversy required for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists.